IN RE ESTATE OF FRED W. SEEFELD.

IHNO A. GERDES, Trustee, Appellee; CHRIST F. SEEFELD, Appellee; FRED SEEFELD et al., Appellants.

No. 45248.

JUNE 18, 1940.

Linnan & Lynch, for Ihno A. Gerdes, trustee, appellee.

J. L. Bonar, for Christ F. Seefeld, appellee.

E. C. McMahon and Edward D. Kelly, for appellants.

SAGER, J.—The parties hereto argue many propositions and cite authorities which have been examined but which will not be specifically noticed because that is deemed unnecessary in the view we take of this cause. This trusteeship had its inception in the will of Fred W. Seefeld. By its terms, appellee Seefeld was given a life estate in one seventh of that estate with remainder over to the grandchildren of the testator. Appellee Gerdes was appointed trustee with power to loan "said trust fund to reliable parties on good security at such rates of interest as to him may seem just and reasonable."

The trust estate was in round numbers, $19,000, but only one transaction (a loan of $5,000 secured by a third mortgage) is here involved. This loan was reported to the court on January 13, 1929, and was approved by the district judge on the same day. It will be observed that this approval was made before the effective date of chapter 259, Acts of the Forty-third General Assembly (now Code, 1939, section 12772). We are not, therefore, concerned with the effect of the decision in In re Guardianship of Nolan, 216 Iowa 903, 249 N. W. 648.

While there is no evidence of fraud, it must be admitted that this was a loan that had better not have been made. Appellants argued that the trustee made some personal profit out of this loan transaction and because of that fact, he may not retain any advantage arising out of it. That this is the rule may be admitted without conceding advantage to appellants. The court found, and we think rightly so, that at the time the loan was made it could well have appeared to the trustee to be a good one, considering the financial standing of those obligated to pay the notes, this without reference to the security of the mortgage. The trustee was a banker of large experience. The endorser on the note, Kunz, was vice-president and heavy stockholder of the bank of which the trustee was cashier. Kunz was likewise a stockholder in two Mason City banks and was a large land holder. The bank of which the trustee was cashier closed in the latter part of 1928, but it is significant of its condition that it paid out 97 cents on the

dollar in liquidation. But all the wealth of the trustee, the makers of the note, and the endorsers was swept away by the depression, and the loan, to all appearances, became a total loss. Appellants contend that this was not established but we think the trial court was right in so regarding it.

The destruction of values during the depression was so complete and overwhelming that Hamilton, J., speaking for this court in Priest v. Whitney L. & Tr. Co., 219 Iowa 1281, 1293, 261 N. W. 374, 380, described it as "one of the most serious financial crises known to the history of the state."—a condition of which the court has taken judicial notice. The lower court recognized the fact that the trustee had not in all respects exercised the diligence expected of him in his fiduciary capacity and commented that things might have been different had his health not failed. The idea that either criticism or sympathy might enter into the solution of the controversy was, however, rejected by the trial court which commented on the situation as follows:

"There have been many cases in the past fifteen years where administrators, executors and trustees have lost the funds entrusted to them through bad handling and in some cases they have personally used the funds and later were unable to replace them. The evidence shows without dispute that the Gurnetts, Julius Kunz, and the trustee himself are all insolvent, although Mr. Kunz may have some equity in the farm on which this $5,000 mortgage was a lien; but would the court be justified in refusing his offer of compromise, and directing suit to be brought? Hundreds of situations similar to this have confronted receivers of closed banks in the last few years. Comparatively few suits have been brought, because better results have been secured by negotiation, and I think that is exactly the situation here. The life tenant has a much larger interest than any one of the thirty or forty possible remaindermen, and he is in court asking the settlement be approved."

The trial court felt that the settlement should be accepted and the trustee authorized to make it. Arguments are brought

forward by appellee to the effect that the findings of the trial court in a probate matter have the effect of the verdict of a jury and cite In re Estate of Smith, 228 Iowa 47, 289 N. W. 694; In re Guardianship of Fisher, 226 Iowa 596, 284 N. W. 821; and others. We have chosen to ignore this rule because the case seems to have been treated in some respects as one in equity. Other propositions have been considered but do not seem to warrant specific attention. We refer to the complaint about apportionment of attorney fees. We find no just cause of criticism here.

It is also said the decree permits a settlement for $2,500 without assurance that the money will actually be paid before the trustee is discharged. We do not so read the order.

On the whole record we are satisfied that the order appealed from is not only in keeping with established legal principles but is in accord with sound judicial discretion. It meets with our approval and it is affirmed.—Affirmed.

HAMILTON, C. J., and OLIVER, MILLER, HALE, MITCHELL, STIGER, BLISS, and RICHARDS, JJ., concur.